51 F.3d 267
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lola I. ROBINETTE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1697.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 30, 1995.
Decided: April 7, 1995.
 
 ARGUED: John Simon Whitelaw, APPALACHIAN RESEARCH AND DEFENSE FUND, INC., Beckley, WV, for Appellant. Thomas S. Inman, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, PA, for appellee. ON BRIEF; Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lola I. Robinette appealed the district court's order upholding the determination made by the Secretary of Health and Human Services ("Secretary") that Robinette is not eligible for social security disability insurance benefits ("DIB"). Finding substantial evidence to support the Secretary's decision, we affirm.
 
 I.
 
 2
 Robinette held two jobs during the relevant fifteen year period preceding her disability claim, see, 20 C.F.R. Sec. 404.1565(a), working as a school janitor from 1977 until 1979 and then employed in the laundry room of a hospital from 1981 until the hospital closed in 1987.
 
 
 3
 Robinette filed an application for DIB in April, 1991 claiming that she was unable to work due to high blood pressure and cholesterol, leg and chest pain, arthritis, heart disease, and callouses on her feet. Her claim for benefits was denied by the West Virginia State Disability Agency after doctors found that she was able to work. She appealed to the Department of Health and Human Services, and an Administrative Law Judge ("ALJ") found that she had not shown that she was incapable of performing her past job as a janitor. The Appeals Council denied Robinette's request for review and the Secretary's decision thus became final.
 
 
 4
 Robinette then filed suit in the Southern District of West Virginia and the case was referred to a magistrate judge for resolution of the parties' summary judgment motions. The magistrate judge granted summary judgment for the Secretary, and this appeal followed.
 
 II.
 
 5
 When evaluating a claim for DIB, an ALJ must consider, in sequence, whether a claimant: 1) is working, 2) has a severe impairment, 3) has an impairment that meets or equals the requirements of a listed impairment, 4) can return to her past relevant work, and 5) if not, whether the claimant can perform other work. See, 20 C.F.R. Sec. 404.1520. At the first four stages, the claimant has the burden of proof. See, Bowen v. Yuckert, 482 U.S. 137, 147 n. 5 (1987).
 
 
 6
 The ALJ found that Robinette was unable to return to laundry work because extreme dampness and heat aggravated her physical problems, but he found no credible evidence that she could not resume work as a janitor. The ALJ thus found Robinette ineligible for DIB because she did not sustain her burden as to step (4). As a janitor, Robinette was responsible for basic cleaning functions which involved pushing a buffer, carrying pails of water, and other activities classified by Charles Woodrum, the vocational expert used by the ALJ, as being at "medium exertional level." The ALJ found that Robinette was capable of performing unskilled, medium exertional work and specifically that she could perform her past janitorial duties.
 
 III.
 
 7
 The Secretary's determination that Robinette could return to her past work as a janitor must be upheld unless unsupported by substantial evidence or the law was incorrectly applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). It is not the Court's role to determine the weight of the evidence or to substitute its judgment for that of the Secretary. See, Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). It is also the responsibility of the Secretary to reconcile inconsisten cies in medical evidence, and the claimant bears the risk of nonpersuasion as to that evidence. Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir.1976). Robinette asserts two grounds for reversal of the Secretary's judgment.
 
 A.
 
 8
 First, she argues that substantial evidence did not exist to support the ALJ's conclusion that she can perform the full range of medium work. Robinette asserts that the ALJ improperly discounted her subjective accounts of pain, mischaracterized her ability to perform household chores, considered unreliable medical opinions, and overstated the importance of her infrequent visits to the doctor and limited use of prescription drugs in finding that her ailments are not disabling.
 
 
 9
 At the time Robinette's employment ended at the hospital, she was undergoing treatment for hypertension. There is no evidence that hypertension hampered her in the past or would restrict her in the future. She also suffers chest pains that require her to take nitroglycerin and, she claimed, to lie down "once a day." Nothing in the record indicates that the chest pains are debilitating.
 
 
 10
 There is no evidence suggesting that Robinette ever had to leave a job because of her health, and indeed she testified that she suffered from many of the conditions that she now claims are disabling while she was working at her previous jobs. Robinette generally goes about the tasks of day-to-day living successfully, although the degree to which she does so is a matter of dispute. The ALJ gave Robinette a chance to explain why she could not work, and she responded that she could no longer work in a laundry room because it was too hot, that the wet linen aggravated her arthritis, and that the concrete floor hurt her calloused feet. The ALJ credited this testimony in finding that she could not return to a laundry job, but found that her conditions did not preclude her from once again working as a janitor.
 
 
 11
 Indeed, there was little evidence presented suggesting that she was incapable of working as a janitor. Robinette went to see a Dr. Ruperto Dumapit and told him that she wanted a physical for the purposes of proving that she was entitled to DIB. Dr. Dumapit did not find that she was disabled, but noted that she was not "in distress." He found that her heart, her arms, and her legs were all reasonably healthy and did not advise her to limit her activity in any way, although he did prescribe medication to treat hypertension.
 
 
 12
 Dr. Gary Craft examined Robinette at the request of the state agency, and he testified that she had no disabling conditions. Despite Robinette's contention that she could not bend or grip and handle objects well, Dr. Craft testified that he found that she had reasonably full degree of motion and that her grip strength and dexterity were fine. He also found that her heart was in reasonably good condition, and that she displayed no overtly disabling psychiatric conditions.
 
 
 13
 The testimony of Mari Walker, a psychologist Robinette visited at the request of her attorney, indicated that Robinette is unable to do semi-skilled work and is limited intellectually. Walker's report also stated that she was not capable of maintaining gainful employment. Walker also diagnosed dysthymia (mild depression) and generalized anxiety disorder, but gave no indication that these conditions impaired Robinette's ability to work.
 
 
 14
 There is substantial evidence in the record to support the Secretary's determination that Robinette did not sustain her burden of proving that she could not return to work as a janitor. The ALJ considered all of the material evidence potentially justifying the award of DIB and explained why he discounted certain conclusions, especially those of Dr. Walker. He made a reasoned decision, based on all the evidence, that the claimant failed to sustain her ultimate burden. Robinette's assertion that she cannot perform the full range of medium work is irrelevant to this case as a finding that she is able to perform specific past work is sufficient to deny eligibility.
 
 B.
 
 15
 Robinette's second claim is that the ALJ's decision that certain of Robinette's conditions are non-severe was also unsupported by substantial evidence. In finding that DIB benefits were unavailable because of ability to do past work, the ALJ necessarily agreed that Robinette's conditions were severe. Error as to step (2), even if proven, would therefore be irrelevant.
 
 
 16
 AFFIRMED..